Good morning, Your Honors. I'm Randy Baker for the appellant, Anthony Mizner. I'd like to reserve two minutes for rebuttal. The California Court of Appeals held that there was no ineffective assistance of counsel for failure to move to sentence Mr. Mizner as a misdemeanant rather than as a felon, citing three factors. It cited the denial of his motion to strike prior strikes under People v. Romero. He has a three-strike sentence right now. It cited the lack of substantial mitigating factors in his offense, and it cited his serious criminal history. Each of these facts or concerns cited by the court of appeal reflect an unreasonable reading of the record. As far as the Romero hearing, what's most stunning is a Romero hearing is not a case in which the trial court gets to exercise discretion. As the California Supreme Court said in People v. Carmody, it's not a discretionary sentencing choice as other sentencing laws provide. The court held, however, in People v. Alvarez, which was a case in which the defendant had four prior strikes, Mr. Mizner has two, the court of appeals had three. In that case, the California Supreme Court affirmed the decision of the trial court to sentence the defendant as a misdemeanant, and in that case, the court explained that the trial court had the three-strikes laws have no impact on the discretion of a trial court to reduce a sentence to a misdemeanor. In fact, the California Supreme Court said the discretion of trial courts to do so was broad. So there was no basis whatsoever in law as defined by the Supreme Court of California for the trial court to make an inference that because the – I'm sorry, for the court of appeal to make the inference that since the trial court had failed to strike a prior strike. Kagan. But some of the same considerations come into play, right? You look at – you weigh the nature of the offense against the defendant's criminal history, whether it can benefit from the reduction. You look at public safety concerns, and the State court found that those considerations were considered in this case. Well, Your Honor, yes and no. You're right that the same factors are considered, but as the Ninth Circuit held in Taylor v. Maddox, when the wrong legal standard is applied to review facts, that's an irrational review of the record. Now, when you're applying a legal standard and making inferences when the trial court doesn't have discretion, so the – under People v. Carmody, it has to be the extraordinary case in which a trial court says a law doesn't apply. In this case, even though the defendant fits under the three strikes rubric, there's something special here. It's like saying – it's like inferring, well, Joe doesn't qualify for Phi Beta Kappa, therefore, he doesn't get to graduate. Well, we know that's not true. And that's why Taylor v. Maddox says that kind of reasoning is irrational. The second thing, while it was – while the trial court was supposed to consider the same kind of indicators in deciding whether to strike a strike that it should consider in deciding whether to reduce an offense, a felony to a misdemeanor, in fact, it didn't. And let's remember, this is an ineffective assistance of counsel claim. So what goes on in this claim is we show what a competent trial counsel would have brought to the attention of the trial court had counsel made the motion to reduce the offense to a misdemeanor, which he failed to do. So – Well, but the second prong is the problem, I think. That is, the reasonable probability of a different result. And I read the court of appeal decision perhaps a little differently. I read it to say that the trial judge was aware of these factors, and yet took no action on his or her own to treat this as a misdemeanor, as the court presumably could have. And so there's not a likelihood, if presented with a specific motion to treat this as a misdemeanor, there's not a likelihood that the trial court would have granted that motion. Well, Your Honor, I beg to differ on what the court of appeal said. I believe the court of appeal expressly stated that because it denied the Romero motion, and because so little was said in favor of the defendant in terms of mitigation, and because of his terrible criminal record, it was reasonable for the court to do so.   And that's what the court of appeal said when it granted a Penal Code section 17b3 motion. And that's what the court of appeal said. That sounds like what I said. That is, it's not automatic, but they look at it and they infer trial judge knew these facts, trial judge wasn't motivated by that to grant the Romero motion. That strongly suggests that the trial judge wouldn't have granted the Wobbler motion either. Well, Your Honor, let me move on, then, if given the opportunity, I would like to add. Frankly, I agree with your basic proposition. This sentence boggles the mind in some respects. Well, let me go on to what the court considered, because that's another important point. So the court said, well, the only thing that could be said in favor of the defendant was, you know, it was a small quantity of drugs and he had made some progress in treatment before he failed. Well, that's not really an accurate account of the record. That might have been an accurate account of what counsel said, but what reasonable counsel would have said is that this offense, because of Proposition 36, is almost decriminalized in the State of California. And I'm not speaking subjectively, I'm speaking under the law. Probation is mandatory, and in the State of California, probation does not constitute punishment, according to the Supreme Court in People v. Howard, citing Penal Code Section 15. The Supreme Court in that case also pointed out that normally when a criminal defendant is convicted of a crime, there is punishment under Penal Code Section 1445. Since probation is not punishment, this offense that he – that Mr. Meisner committed is not just a wobbler offense. It is practically unique in the law. It is still a crime, but it is on the edge of a crime. The court did not consider that. It was not brought to the Court's attention. There's no reason to believe it was considered. The second point, the court of appeals said, well, he made some progress and then he failed. Well, that's not really a very accurate account of what was in the record, either. What the record actually said was the person supervising his drug probation said, yes, Mr. Meisner has had several failures, and so what I recommend is that we increase the supervision and continue treatment. Now, of course, the court – the trial court wasn't obligated to follow that recommendation, but for the court of appeal to disregard it is flatly contrary to what the U.S. Supreme Court said in Porter v. McCollum, and I'd better reserve the rest of my time. Thank you. Roberts. And we will hear from the State. May it please the Court. Michelle Swanson for the Warden. Here in context, when we consider what the trial court had before it, it had previously granted Prop. 36 probation in this very case, and as the court of appeal found, it was improper for it to do so, but it had given the defendant a chance, and it allowed him to go to rehabilitation, and it warned him, you are facing a life sentence, and the defendant within months had violated his probation, not only failed on rehabilitation and failed several drug tests, but he also failed on a couple of occasions to meet with his probation officer, and he also was arrested when he was driving on a suspended license. Clearly, the defendant's criminal record showed that he had established intractable criminal patterns, and he was just beyond rehabilitation, as shown from his past and from his behavior in this very case. The trial court considered his current offense, but he also weighed that against his earlier grant of probation in this case, and also considered the egregiousness of his prior convictions. While the defendant disagrees with the court of appeals' opinion and focuses on certain aspects of his showing, what his showing would have been to the trial court, he's he refuses to sort of consider the big picture, and that's what the court of appeal did here. And what the defendant's burden here is, is that he had to show the court of appeal that the reason that there was a substantial reasonable likelihood that the trial court would have granted a 17B motion, not that it's conceivable, but that it's a substantial likelihood. And as the court of appeal found here, that not only was there not a substantial likelihood, the evidence was to the contrary. The evidence actually supported that the trial court would have denied a 17B motion. And, you know, on Federal habeas, the standard is not whether this Court disagrees with the sentence or that even thinks that the court of appeals' opinion is incorrect. It has to find that no reasonable jurist would agree with that court's opinion. And this is just not that case. We submit that the record supports the court of appeals' determination and that the district court's denial of the writ should be affirmed on appeal. And if there are no further questions, I'm prepared to submit the matter. Thank you. Roberts That appears to be the case. Kagan I take it, counsel, from the supplemental brief submitted in connection with our question regarding Proposition 47, that you'd like the panel to just go ahead and rule on this and not hold it or anything like that while State remedies are being pursued? Goldstein That's correct, Your Honor. And I would add, now that you mention Prop 47, the standard for Strickland, which does apply here, because as I've explained, the court of appeals' opinion was unreasonable, so it's entitled to no deference. The standard in Strickland is not that we show that the trial court would have reduced the sentence. We just have to undermine confidence in the outcome. We have to show there was a reasonable possibility, not more likely than not. And in that vein, let me add, you know, the voters of the State of California said, you could be the worst killer in the world, but when you commit this offense, it's a misdemeanor. That's what Proposition 47 says. A reasonable judge might have had that intuition even before the voters of the State of California enacted Proposition 47, based on the circumstances I mentioned earlier, that this offense is on the edge of not being a crime under the law. Let me just briefly add, the court of appeal refused to take judicial notice of its own prior opinion. The man had two prior strikes, not three. He did not use a deadly weapon. There's no great bodily injury. Their own opinion showed that. They stated they didn't take judicial notice because the matter wasn't before the trial court. Well, that's not really a reason, because under the Evidence Code, as explained by the Supreme Court, in People v. Hardy, the Evidence Code contemplates reviewing courts taking judicial notice. And certainly, if their own records in sentencing, that would be clearly the case in which they should. Thank you. Robertson, Thank you. And we thank both of you for helpful arguments. The case just argued is submitted.
judges: Rakoff, Clifton, Nguyen